**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cr-00251-TWP-MJD |
| | ) | |
| ADRIAN BENNETT (08) | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ENTRY ON DEFENDANT BENNETT'S MOTION**
**OF CONSTITUTIONAL CHALLENGES**

Before the Court is *pro se* Defendant Adrian Bennett's ("Bennett") Motion of Constitutional Challenges to all Federal Statutes (Filing No. 765). The Third Superseding Indictment in this case (Filing No. 595) charges Bennett with Count One, Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances; Count Eight: Possession with Intent to Distribute Controlled Substances; and Count Nine: Felon in Possession of a Firearm. In his Motion, Bennett alleges violations of Amendments II, IV, V, VI, VIII, IX, and XIII to the United States Constitution. For the reasons stated below, the Motion is **denied** in all respects except for Bennett's Fourth Amendment challenge, which is **taken under advisement**.

**I. DISCUSSION**

In his Motion, Bennett lists verbatim language from Constitutional Amendments II, IV, V, VI, VIII, IX, and XIII and fails to provide any analysis or bases for his challenges. The Government asserts that because Bennett does not explain on what bases any of his rights have been violated, or what grounds his arguments rest on, his claims are entirely undeveloped and should be deemed waived. And as the Seventh Circuit has "said numerous times, undeveloped

arguments are deemed waived." *United States v. Foster*, 652 F.3d 776, 793 (7th Cir. 2011); *see United States v. Hassebrock*, 663 F.3d 906, 916 (7th Cir. 2011).

Although Bennett did not elaborate on his arguments in the pleadings, he did state on the record at the final pretrial conference the basis for some of his challenges. Accordingly, the Court will attempt to rule on the merits of Bennett's motion.

## A.      **Amendment II**

Bennet asserts the right of the people to keep and bear arms shall not be infringed. Specifically, he argues that the Second Amendment should allow one to have firearms at a residence where they reside, especially when someone at the residence has a firearm permit. Like most rights, Second Amendment rights are not unlimited. *District of Columbia v. Heller*, 554 U.S. 570 (2008). The Second Amendment does not prohibit the establishment of federal gun laws, including 18 U.S.C. 922(g) that is charged against Bennett this case. Accordingly, Bennett's Second Amendment challenge, as the Court understands it, is **overruled**.

## B.      **Amendment IV**

Bennett challenges the right of the people to be secure in their persons and houses against unreasonable searches and seizures, and that no warrants shall issue except upon probable cause. The Fourth Amendment provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. Amend. IV. "If the search or seizure was effected pursuant to a warrant, the defendant bears the burden of proving its illegality." *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985). At the final pretrial conference, Bennett noted that he was moving to suppress the search warrant and seizure of property, but he has offered nothing else in support of his motion. The

Government responds to this challenge by reiterating that Bennett's argument is underdeveloped and should be considered waived. Because of the importance of this right and based on Bennett's *pro se* representation, the Court determines that Bennett should have an opportunity to develop his Fourth Amendment argument and the Government should have an opportunity to respond. Accordingly, the Court **takes under advisement** a ruling on Bennett's Fourth Amendment challenge.

## C.    Amendment V

Bennett challenges that no person shall be held to answer for a crime unless on a presentment or indictment of a grand jury. A federal grand jury issued all indictments that have been filed in this case, therefore Bennett's Fifth Amendment challenge on this issue is **overruled**. Bennett also appears to make a due process challenge. The Court **overrules** this challenge because it has afforded Bennett his due process rights and will continue to do so.

## D.    Amendment VI

Bennett challenges his Sixth Amendment right to a speedy trial. On November 18, 2016, the Government filed a Motion to Modify Discovery Order, Issue a Protective Order, and set a Trial Date. (Filing No. 100.) On November 23, 2016, the Court granted the Motion and specifically noted that no defendant had objected to the motion for continuance of the trial date. The Court found as follows:

> The delay attributable to the changed trial date shall be excludable from the computations of time pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. The interests of justice as stated in the motion for continuance are best served by the delay so that both the accused and the government can receive a fair trial, and those interests outweigh the interests of the public and the defendant in a speedy trial in this case. Those reasons include but are not limited to:
>
> (a)    the amount of discovery, the number of defendants and complexity of the case make it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(B)(ii);

      (b)     failure to grant a continuance in this case would deny counsel for the defendants and counsel for the government the time necessary for effective preparation taking into account the exercise of due diligence;

      (c)     if the Court grants the proposed discovery schedule, taking into account due diligence, counsel for the defendants and the defendants will need additional time to effectively review discovery materials and prepare for trial.

      Additionally, the Court finds that due to the complexity of the case and the volume of the discovery the motion to set aside Courts discovery schedule should be granted.

(Filing No. 168 at 2).  The Court scheduled the trial for March 5, 2018.  The March 5, 2018 date was continued for one week, until March 12, 2018, based on a motion for continuance filed by Bennett.  For these reasons, Bennett's Sixth Amendment challenge is **overruled**.

**E.**     **Amendment VIII**

Bennett asserts under the Eighth Amendment, excessive bail shall not be required.  To the extent Bennett's argument may be perceived as an argument against pre-trial detention, Bennett signed a waiver of a detention hearing on April 22, 2016. (Filing No. 162.)  Accordingly this challenge is **overruled**.

**F.**     **Amendment IX**

Bennett's motion states that the enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.  When questioned by the Court regarding his Ninth Amendment challenge, Bennett stated "that's pretty much that the government shouldn't be able to twist the laws at their advantage when it's convenient for them."  The Court cannot ascertain any legal bases for this argument and agrees with the Government that this argument is underdeveloped and thus is considered waived. The Ninth Amendment challenge is **overruled**.

**G.** **Amendment XIII**

The Thirteenth Amendment prohibits involuntary servitude. Here, it appears that Bennet is asserting that he should not be held for punishment for a crime where he has not been convicted. This challenge is **overruled** because the argument is not developed and again, Bennett signed a waiver of his right for a detention hearing. (Filing No. 162.)

## II.  CONCLUSION

For the reasons stated above, Bennett's Motion of Constitutional Challenges (Filing No. 765) is **DENIED** regarding his Second, Fifth, Sixth, Eighth, Ninth and Thirteenth Amendment Constitutional challenges. Bennett's Fourth Amendment challenge is **TAKEN UNDER ADVISEMENT** as further briefing is required.  The Court notes that Bennett is representing himself and there may be a delay in his receiving notice of this Entry. Bennett's standby counsel shall hand-deliver a copy of this Entry. Thereafter, standby counsel and counsel for the Government should confer and inform the Court as soon as possible, how they wish to proceed.

**SO ORDERED.**

Date:  3/7/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

John T. Tennyson
TENNYSON WIGGINGTON PLLC
jtennyson@nashville-law.com

Adrian Bennett, USM #15487-028
Henderson County Jail
380 Borax Drive
Henderson, Kentucky  42420

Mario Garcia
BRATTAIN MINNIX GARCIA
mario@bmgindy.com

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov