UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-251-TWP-MJD-8 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ADRIAN BENNETT | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED WITHOUT PREJUDICE.

☐ DENIED. Mr. Bennett has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and a motion for appointment of counsel. Dkts. 1528, 1529. Mr. Bennett is seeking compassionate release due to medical conditions and changes in sentencing laws. Mr. Bennett has requested that the Court stay his motion "until the outcome of the proposed amendments of the United States Sentencing Commission guidelines of 2023 are ratified." Dkt. 1528 at 1.

As an initial matter, Mr. Bennett's motion for the appointment of counsel is denied. There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021).

Accordingly, Mr. Bennett's request for the appointment of the federal public defender's office must be denied.

The Court also finds that Mr. Bennett is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Bennett has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for the appointment of counsel is therefore denied.

The Court will also deny Mr. Bennett's underlying motion for compassionate release without prejudice at this time. The Court declines to stay Mr. Bennett's motion until the amendments to the Sentencing Guidelines, Policy Statements and Official Commentary are effective on November 1, 2023. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last accessed May 18, 2023). If Mr. Bennett would like the Court to consider his motion under the current guidelines, policy statements and official

commentary, he may renew his motion at any point before November. If Mr. Bennett would like the Court to consider his motion under any new guidelines, policy statements and official commentary, he may refile said motion after the effective date in November 2023.

**IT IS SO ORDERED.**

Dated: 5/19/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Adrian Bennett
Register Number: 15487-028
FCI Allenwood Low
Federal Correctional Institution
P.O. Box 1000
White Deer, PA  17887

All Electronically Registered Counsel

3