UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 1:16-cr-00251-TWP-MJD |
| ADRIAN BENNETT a/k/a BLACK, | ) | -08 |
| Defendant. | ) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADRIAN BENNETT<br>a/k/a BLACK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) -08<br>)<br>) | No. 1:16-cr-00251-TWP-MJD |

## ORDER

This matter is before the Court on Defendant Adrian Bennett's Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A), (Dkt. 1684). For the reasons explained below, the motion for compassionate release is **denied**.

## I. BACKGROUND

Mr. Bennett is currently serving a 255-month sentence of imprisonment after he pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances (50 grams or more of actual methamphetamine and 500 grams or more of cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. 1132 at 1-2). Mr. Bennett possessed more than 260 grams of methamphetamine (actual), approximately 395 grams of cocaine, and approximately 75 grams of marijuana in his residence, which he intended to sell to others for a profit. (Dkt. 1123 at 8).

Mr. Bennett offers two potentially extraordinary and compelling reasons for release: (1) he suffers from serious medical conditions and (2) he would receive a lower sentence if he were sentenced today due to a change in the law. The Court has concluded it can resolve the motion without a response from the United States.

The Bureau of Prisons ("BOP") currently reports Mr. Bennett's anticipated release date as September 17, 2032. *See* https://www.bop.gov/inmateloc/ (last visited November 12, 2026).

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission has issued a policy statement identifying several circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

The Court begins with Mr. Bennett's claims that his medical conditions qualify as an extraordinary and compelling reason for compassionate release. Under U.S.S.G. § 1B1.13(b)(1)(B), a defendant may qualify for relief if he is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he …is not expected to recover", and under subsection § 1B1.13(b)(1)(C), he may qualify if he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without

which the defendant is at risk of serious deterioration in health or death." In his renewed motion, Mr. Bennett provides no evidence of his medical conditions or how they "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover". U.S.S.G. § 1B1.13(b)(1)(B). Regardless, the Court takes judicial notice of his previous motion for compassionate release where he states that he suffers from sleep apnea, asthma, bronchitis, a deviated septum, allergic rhinitis, and gastroesophageal reflux disease. (Dkt. 1529 at 2-3). Mr. Bennett provided medical records that reflect that he attends chronic care visits and is prescribed medication for his asthma, GERD, and allergies and that these conditions are well managed in a correctional setting. *See* dkt. 1529-4. Mr. Bennett previously argued that he did not receive proper care for his sleep apnea because he was on a waiting list for a sleep study. (Dkt. 1529 at 3). Because Mr. Bennett is no longer at the same correctional facility as he was when he filed his first motion for compassionate release, and because he does not mention his untreated sleep apnea in his renewed motion, the Court does not find he met his burden of showing that this constitutes an extraordinary and compelling reason for release. Regardless, the proper mechanism to pursue relief for inadequately treated medical conditions is by filing administrative grievances and then, if necessary, a civil rights suit in federal court. *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (S.D. Ind. June 16, 2022) ("And to the extent that Miller challenges the conditions and medical care at [his prison] more generally, a compassionate-release motion is not the right vehicle." (citing *United States v. Bridgewater*, 995 F.3d 591, 599 (7th Cir. 2021)). In short, while these conditions are chronic and serious, they do not rise to the level of extraordinary and compelling reasons for compassionate release.

Next, Mr. Bennett claims that he would receive a lower sentence if sentenced today due to a change in the law. Mr. Bennett does not state what that change was; rather, he simply states, "Mr.

Bennett's conviction involved drug-only conduct. If sentenced today, that same conduct would expose him to a significantly lower advisory guideline range under current law and practice." Dkt. 1684 at 3. Regardless, the disparity between the sentence Mr. Bennett received and the sentence he would likely receive if sentenced today cannot be an extraordinary and compelling reason for a sentence reduction. In enacting § 401 of the First Step Act, Congress explicitly provided that the new, shorter mandatory minimum sentences did not apply retroactively. A nonretroactive change to a sentencing scheme cannot be an "extraordinary and compelling" reason to reduce a sentence for purposes of § 3582(c)(1)(A)(i). *See Rutherford v. United States*, 608 U.S. 454, 465 (2026) ("When Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an 'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Insofar as the Commission's amended policy statement maintains otherwise [in U.S.S.G. § 1B1.13(b)(6)], it conflicts with the statute"). Therefore, the Court cannot consider the change in the law in determining whether Mr. Bennett has an extraordinary and compelling reason for compassionate release.

To the extent that Mr. Bennett is arguing a constitution violation under the Eighth Amendment or the Due Process Clause, while this may be the basis for a civil lawsuit, a motion for compassionate release is not the appropriate forum for these claims.

In summary, Mr. Bennett has not established an extraordinary and compelling reason for compassionate release, so his motion for compassionate release must be denied.

## III. CONCLUSION

Based upon the above, Adrian Bennett's motion for compassionate release, Dkt. [1684], is **DENIED**.

**IT IS SO ORDERED.**

Date: November 23, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adrian Bennett
Reg. No. 15487-028
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501

All Electronically Registered Counsel